ALBRO R. JENNESS, Treasr. *vs.* JOHN H. BARRON, and another.

Oxford.    Opinion November 26, 1901.

*Bills and Notes.    Guaranty.    Pleading.*

If the holder of a non-negotiable note transfers it with a guaranty of payment, he is just as liable to the transferee, upon the contract of guaranty, as if the note were negotiable.

The plaintiff as treasurer of Fryeburg Academy, sued the defendants as indorsers and guarantors of a certain note. The declaration after describing the note, concludes as follows : " And the plaintiff avers that thereafter, to wit : on the same day, the said John H. Barron and the said Williams Souther, (defendants) by their indorsement of their names thereon, indorsed, negotiated and delivered the said note to one F. Y. Bradley, then and there the treasurer of said Fryeburg Academy, as said treasurer, and then and there in said indorsement by them subscribed, for value received, promised and guaranteed the payment of said note, and both the principal and interest thereof." The declaration also contains an averment of demand and notice.

*Held;* on demurrer :

1. That the declaration contains all the necessary averments (and some unnecessary ones) to charge the defendants as guarantors of payment of the note, and that the question whether the note is negotiable or non-negotiable is immaterial.

2. Whether the averment of demand and notice is necessary, quaere.

3. But the declaration is faulty in that it does not aver any legal privity between the plaintiff, and F. Y. Bradley, with whom, as treasurer it is averred the contract of guaranty was made. There is no averment that plaintiff is Bradley's successor, or that the contract inured to such successor. And for this reason the demurrer is sustained.

4. Such a defect is amendable. And if facts exist which entitle the plaintiff to sue in his own name, upon a contract of guaranty made with F. Y. Bradley, as treasurer, the plaintiff may amend at nisi prius,. upon statutory terms.

Exceptions by defendant.    Sustained.

Assumpsit against the defendants as indorsers and guarantors of a promissory note made by one Dippert February 21, 1888, at Crawford, Nebraska, payable to John H. Barron and Williams Souther, the defendants, or their order, for $744 in three years from date. The note by its terms was payable "without defalca-

tion or discount, at the bank of Crawford with interest at eight per cent per annum, from maturity, until paid, payable semi-annually, on the first day of September and March of each year; and therein further stipulating and agreeing in case said note is not paid at its said maturity and an action is, or shall be commenced . thereon, to pay ten per cent attorney's fee, of the amount due thereon, at said maturity and said commencement of said action, the same to be allowed by the court, into which said action is or shall be commenced, and included in the judgment recovered thereon."

*A. H. and E. C. Walker*, for plaintiffs.

*E. Foster and O. H. Hersey*, for defendant Souther.

SITTING: WISWELL, C. J., EMERY, STROUT, SAVAGE, POWERS, JJ.

SAVAGE, J. The plaintiff, in his capacity as treasurer of Fryeburg Academy, seeks to recover upon a note alleged to have been made payable to the defendants, and by them indorsed and negotiated to one Bradley, as treasurer of Fryeburg Academy. One of the defendants, Souther, demurred to the declaration. The demurrer was overruled, and he excepted.

The note, as described, was for the sum of seven hundred and forty-four dollars with interest, and contained a stipulation for the payment of an attorney's fee, in case the note was not paid at maturity and an action should be commenced thereon. The concluding portion of the plaintiff's declaration is as follows: "And the plaintiff avers that thereafter, to wit: on the same day, the said John H. Barron and the said Williams Souther, by their indorsement of their names thereon, indorsed, negotiated and delivered the said note to one F. Y. Bradley, meaning Frank Y. Bradley, then and there the treasurer of said Fryeburg Academy, as said treasurer, and as such named and called, in said indorsement, and then and there in said indorsement by them subscribed, for value received, promised to pay and guaranteed the payment of said note, and both the principal and interest thereof, according

to the term and tenor ˋthereof and waived both demand and notice." The declaration also contains an averment of demand and notice.

The grounds of demurrer relied upon are, first, that the declaration does not allege any "legal connection or privity between Albro R. Jenness, the plaintiff in this action, and F. Y. Bradley, the party to whom the note was indorsed and transferred;" and secondly, that the note is non-negotiable by reason of the stipulation for the payment of an attorney's fee, and hence that the action will not lie in the name of this plaintiff.

The first point is undoubtedly well taken. The plaintiff by his declaration must show a right of action in himself. He avers in effect that the note in question was by the defendants "indorsed, negotiated and delivered" to Bradley in his capacity as treasurer of Fryeburg Academy, and that the defendants guaranteed the payment of the note to Bradley. When and in what manner, if at all, Bradley ceased to have a right of action on the note or guaranty, and the plaintiff gained one, is not averred. How did the right of action pass from Bradley to the plaintiff? There is no connecting link. It might be easy, perhaps, to infer that the plaintiff is Bradley's successor in office, and that the defendants guaranteed payment to Bradley, "or his successor." If so, it should be so averred. We are not authorized to infer. In pleading, inferences cannot take the place of essential averments. But these defects are amendable, and the plaintiff may amend his declaration at nisi prius, upon the statutory terms.

The second ground of demurrer relates to the negotiability of the note. But we think that question is immaterial here. If the defendants were sued as indorsers, it would be material. The plaintiff claims, among other things, that the defendants were guarantors of the note, and that this declaration is properly framed against them as guarantors. The defendant argues that the question whether he has been sued as guarantor or not is foreign to the issue before the court on demurrer. We think not. Whether there is a sufficient declaration against the defendants as guarantors is necessarily before us. For if the declaration is based upon

an alleged guaranty, it makes no difference whether the note was negotiable or not. If the holder of a non-negotiable note transfers it with a guaranty of payment, he is just as liable to the transferee upon the contract of guaranty, as if the note was negotiable. That distinction can make no difference. It follows that if the declaration sufficiently avers a guaranty of the defendants, this last ground of demurrer fails.

It is true that the pleader has made some unnecessary averments. That is true of many declarations that are not demurrable. And such averments may be treated as immaterial and as surplusage. After describing the note with sufficient particularity, the pleader avers that the defendants who are alleged to have been the payees of the note, "indorsed, negotiated and delivered" the note to Bradley, "as treasurer." Thereupon it is averred that "in said indorsement by them subscribed," that is to say, in the contract they made with Bradley "as treasurer," the defendants, "for value received," . . . . "guaranteed the payment of said note." Then follows averment of demand upon and non-payment by the principal, and notice to the defendants. In note to 2 Chitty on Pleading, 253, it is questioned whether this last averment is necessary. *Read* v. *Cutts*, 7 Maine, 186. We think the declaration contains all the averments which are necessary to charge the defendants as guarantors of payment of the note, and that it is not demurrable on the ground that the note as described is non-negotiable.

But, as we have already seen, the plaintiff has failed to aver by what right he is entitled to sue. Hence the ruling of the justice below, overruling the demurrer, was erroneous, and the exceptions must be sustained.

*Exceptions sustained.*